**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JULIA McCAIN LAMPKIN-ASAM,**
             **Plaintiff,**

-vs-                                              Case No. 6:07-cv-116-Orl-31DAB

**VOLUSIA COUNTY SCHOOL BOARD,**
**JUDY ANDERSON, DR. MARGARET A.**
**SMITH, TAMARA E. WENZEL, MARK**
**CORRUTHERS, DR. MICHAEL GEBEL,**
**DR. BRUCE HOFFEN, UNITED SELF**
**INSURED SERVICE, SUZANNE EVANS,**
**and DR. AL WILLIAMS**
             **Defendants.**

_____

# ORDER

This matter comes before the Court *sua sponte*. On January 24, 2007, the Plaintiff, Julia McCain Lampkin-Asam ("Asam"), acting *pro se*, filed suit against the Volusia County School Board and others. (Doc. 1). Her thirty-four page complaint alleged four "counts," each containing multiple claims. (Doc. 46 at 1). On March 1, 2007, the Court dismissed the complaint on the grounds that it was "disjointed, repetitive, disorganized and barely comprehensible." (Doc. 46 at 1). Asam was ordered to create a more plain and coherent complaint, one that satisfied the requirements of Rule 8. (Doc. 46 at 2).

On March 19, 2007, Asam filed an amended complaint. (Doc. 60). Though trimmed by several pages and rewritten, the amended complaint suffered from the same major shortcomings of its predecessor – *i.e.,* that it was disjointed, repetitive, disorganized and barely comprehensible. Now up to six counts, the amended complaint contained numerous claims, interspersed with

photocopied document excerpts and immaterial factual allegations. The Court dismissed the amended complaint as an unacceptable shotgun pleading and gave Asam one final chance to draft a complaint that satisfied the requirements of the Federal Rules of Civil Procedure. (Doc. 82 at 2).

On May 3, 2007, Asam filed a second amended complaint. (Doc. 83).

## II.     Standards

### Shotgun Pleadings

Generally speaking, shotgun pleadings "are those that incorporate every antecedent allegation by reference into each subsequent claim for relief or affirmative defense." *Wagner v. First Horizon Pharmaceutical Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006). Shotgun complaints

> invariably begin with a long list of general allegations, most of which are immaterial to most of the claims for relief. The general allegations are incorporated by reference into each count of the complaint; the complaint is followed by an answer that responds to each and every statement. If the trial judge does not quickly demand repleader, all is lost – extended and largely aimless discovery will commence, and the trial court will soon be drowned in an uncharted sea of depositions, interrogatories, and affidavits.

*Johnson Enterprises of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998).

> [I]t is much easier in the short term to permit shotgun pleadings – in the hope that the parties will settle their dispute – instead of intervening *sua sponte* to narrow the issues. In the long term, however, the judicial work that results from shotgun pleading is far more time consuming than the work required up front to prevent the case from proceeding beyond the pleadings until the issues are reasonably well defined. As we have previously stated, and state once again, district courts have the power and the duty to define the issues at the earliest stages of litigation.

*Id.*

Under the Federal Rules of Civil Procedure, a defendant faced with a shotgun complaint is not expected to frame a responsive pleading. Rather, the defendant is expected to move, pursuant

to Rule 12(e),[1] to require the plaintiff to file a more definite statement. *Anderson v. Board of Trustees of Cent. Florida Community College*, 77 F.3d 364, 366 (11th Cir. 1996).

If, in the face of a shotgun complaint, the defendant does not move the district court to require a more definite statement, the court, in the exercise of its inherent power, must intervene *sua sponte* and order a repleader. *Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001). This duty to intervene *sua sponte* applies whether the court is faced with a shotgun complaint or a shotgun answer. *Id*. at 1133, n.114.

> Shotgun pleadings, if tolerated, harm the court by impeding its ability to administer justice. The time a court spends managing litigation framed by shotgun pleadings should be devoted to other cases waiting to be heard. Wasting scarce judicial and parajudicial resources impedes the due administration of justice and, in a very real sense, amounts to obstruction of justice.

*Byrne v. Nezhat*, 261 F.3d 1075, 1131 (11th Cir. 2001) (internal quotation omitted).

**III.  Analysis**

Despite repeated admonitions from the Court to provide a shorter, more coherent complaint, Asam's second amended complaint is a 26-page labyrinth of claims, counts,

---

[1] Rule 12(e) states: "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just."

accusations and repetition.[2]  As an example, what follows is paragraph 73 of the second amended complaint:

> Ms. Wenzel as an attorney for the Volusia County School Board knew that a teacher had the right to attend a meeting (deposition) about her otherwise, [sic] the teacher did not have due process under the 14th Amendment to the U.S. Constitution as to life, liberty, and property as well as violation of equal protection of the law.  Also the sunshine law of the State of Florida was violated by Ms. Wenzel.  Ms. Wenzel is the one who asked about "depressed" and "anxious" of Dr. Asam on cross-examination when not mentioned on direct, wehn Dr. Asam was supposed to see Dr. Hoffen as a neurologist, and not as a psychiatrist, and she did not know about Dr. Hoffen being a psychiatrist until after the medical office visit which was authorized by Ms. Suzanne Evans.  See Exhibit B by Ms. Evans in Count 2 which means the USIS was to pay Dr. Hoffen.  See Exhibit C, Dr. Hoffen's business card, showing both neurologist and psychiatrist when I was only to see a neurologist.

(Doc. 83 at 16).  Although that paragraph is a bit longer than the average, it is nonetheless typical of the 26 pages of the second amended complaint.  As should be obvious, litigation framed by such a pleading would certainly "wast[e] scarce judicial and parajudicial resources, impede[] the due administration of justice and, in a very real sense, amount[] to obstruction of justice."

---

[2] Although proceeding *pro se*, the Plaintiff claims to hold both Ph.D. and J.D. degrees.  As a "substitute teacher and cancer scientist," she ostensibly has the education, training and experience to be capable of drafting a coherent complaint.

Asam was warned that this was her final opportunity to draft an acceptable complaint. In consideration of the foregoing, it is hereby **ORDERED AND ADJUDGED** that the second amended complaint (Doc. 83) is **DISMISSED WITH PREJUDICE.** All pending motions are **DENIED AS MOOT**, and the clerk is directed to close this case.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 31, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party